IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JULIAN NELSON,                    §
TDCJ #1206112,                    §
                                  §
            Petitioner,           §
                                  §
v.                                §          CIVIL ACTION NO. H-06-2451
                                  §
NATHANIEL QUARTERMAN, Director,   §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                  §
            Respondent.           §

## MEMORANDUM AND ORDER

State inmate Julian Nelson has filed a petition for a federal writ of habeas corpus

under 28 U.S.C. § 2254, to challenge a state court conviction.  The respondent has filed a

motion to dismiss, arguing that the petition is barred by the governing one-year statute of

limitations.  (Doc. # 6).  Nelson has not filed a response, and his time to do so has expired.

After reviewing all of the pleadings, the state court records, and the applicable law, the Court

concludes that the petition must be **dismissed** for reasons that follow.

I.      **BACKGROUND**

A Texas grand jury returned an indictment against Nelson in cause number 932856,

charging him with aggravated robbery.  The State enhanced that indictment for purposes of

punishment with an allegation that Nelson had at least one prior felony conviction.  A jury

in the 209th District Court of Harris County, Texas, found Nelson guilty as charged.  After

Nelson conceded that the enhancement allegation was true, the trial court imposed a thirty-year prison sentence.

Nelson's conviction was affirmed on direct appeal. *See Nelson v. State*, No. 01-03-01245-CR (Tex. App. — Houston [1st Dist.] Oct. 7, 2004). Nelson did not file a petition for discretionary review with the Texas Court of Criminal Appeals. On March 2, 2005, Nelson filed a state habeas corpus application to challenge his conviction. The state habeas corpus court, which also presided over Nelson's trial, entered findings of fact and concluded that Nelson was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied relief on July 27, 2005. *See Ex parte Nelson*, No. 62,091-01.

Nelson filed the pending petition for a federal writ of habeas corpus on July 18, 2006.[1] In one ground of relief, Nelson complains that he was denied effective assistance of counsel at his trial because his attorney did not investigate the enhancement paragraph used to increase his sentence. The respondent maintains that the petition is barred by the governing statute of limitations. The parties' contentions are addressed below.

## II.   DISCUSSION

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

---

[1]    The Clerk's Office received the petition on July 21, 2006. Nelson executed the petition on July 17, 2006, indicating that he placed his pleadings in the prison mail system on the following day, July 18, 2006. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Accordingly, the petition is deemed filed on the date that Nelson placed his pleadings in the mail.

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C.

§ 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  According to 28 U.S.C. § 2244(d)(2), statutory tolling of the

limitations period is available for the time during which a properly filed "state post-

conviction or other collateral review with respect to the pertinent judgment or claim[.]"  In

other words,  the time during which a properly filed application for "state post-conviction

or other collateral review" is pending shall not count toward the limitation period found in

§ 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year

limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case Nelson challenges a state court conviction, meaning that the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  An intermediate state court of appeals affirmed Nelson's conviction on October 7, 2004.  *See Nelson v. State*, No. 01-03-01245-CR (Tex. App. — Houston [1st Dist.] Oct. 7, 2004).  Although Nelson  did not file a petition for discretionary review with the Texas Court of Criminal Appeals, the respondent notes that his time to do so expired thirty days later on or about Monday November 8, 2004.  *See* TEX. R. APP. P. 68.2.  That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on November 8, 2005.  Nelson's pending federal habeas corpus petition, filed on July 18, 2006, is well outside the limitations period and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The record shows that Nelson filed a state habeas corpus application on March 2, 2005, which the Texas Court of Criminal Appeals denied on July 27, 2005.  *See Ex parte Nelson*, No. 62,091-01. This application tolls the limitations period for only 147 days, which is not enough to make the pending federal petition timely.

4

Nelson has not filed a response to the respondent's motion to dismiss, although he was instructed to do so within thirty days.  (Doc. # 4, ¶ 6).  Neither the pleadings nor the record disclose any other basis for statutory tolling.  Likewise, as discussed briefly below, the record does not reveal any basis for equitable tolling.

### B.      Equitable Tolling

The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'"  *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).  The Supreme Court has stated that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "A garden variety claim of excusable neglect does not support equitable tolling."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

5

Nelson's conviction became final on November 8, 2004.  Nelson waited until March 2, 2005, to submit a state habeas corpus application.  After the Texas Court of Criminal Appeals denied relief on July 27, 2005, Nelson waited until July 18, 2006 to file his federal habeas corpus petition.  This does not demonstrate the requisite diligence to warrant equitable tolling.  Although Nelson proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling);  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2]  *See Felder*, 204 F.3d at 173.  The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). After considering the entire record and all the exhibits, the Court concludes that the

---

[2]     The Court notes, however, that Nelson's sole claim for ineffective assistance of counsel was raised and rejected by the state habeas corpus court, which also presided over Nelson's trial. *See Ex parte Nelson*, No. 62,091-01 at 30-31 (finding that Nelson failed to allege facts showing that he was entitled to relief).

petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173.  Accordingly, because Nelson is not entitled to statutory or equitable tolling, the Court dismisses the petition as barred by the governing one-year statute of limitations.

## III.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996.  For reasons outlined above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct.  Therefore, a certificate of appealability will not issue.

## IV.    <u>CONCLUSION</u>

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion to dismiss (Doc. # 6) is **GRANTED**.

2.    The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **November 9, 2006.**

Nancy F. Atlas
United States District Judge